MAURICIO JIMENEZ V. THE STATE.

No. 12206.  Delivered January 16, 1929.

The opinion states the case.

*L. Hamilton Lowe* of Corpus Christi for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment confinement in the penitentiary for two years.

Appellant pleaded guilty and submitted his application for suspended sentence.

In the motion for a new trial it was alleged that the jury were guilty of misconduct in that they considered the fact that appellant had theretofore been convicted as a delinquent child. Such fact had been proven by the state without objection on the part of appellant. No motion was made to withdraw such testimony from the consideration of the jury. In argument, appellant's counsel referred to the fact that appellant's incarceration in the Training School had failed to reform him and had "brought him back home a criminal and that his sentence to the penitentiary for as much as two years with hardened criminals would add to that criminality." The testimony referred to was inadmissible, but being in the record without objection appellant is in no position to claim that the jury were guilty of misconduct in considering said testimony. Article 1092, C. C. P.

Appellant did not testify in his own behalf. It was alleged in the motion for a new trial that the jury referred to appellant's failure to testify. One of the jurors testified that he believed that he did take into consideration appellant's failure to give the jury any assurance of his good conduct in case his sentence was suspended, and that he probably said something about the matter to some of the other jurors. Some of the jurors testified that they did not recall that there was any discussion of the fact that appellant had failed to give any assurance that his future conduct would be good. Another juror testified that there was no discussion relative to appellant's failure to take the stand and testify in his own behalf. The conclusion of the trial judge that the misconduct alleged by appellant did not occur is supported by sufficient evidence. In his Annotated Penal Code, Section 574, Mr. Branch states the rule as follows:

"Where the alleged misconduct was made the subject of diligent investigation by and under the direction of the trial judge and settled in behalf of the state upon conflicting evidence, the decision of the judge will be given as much consideration on appeal as would be given to the verdict of a jury on any other question of fact, and if there is sufficient evidence to justify the action of the trial judge his decision thereon will not be disturbed on appeal unless clearly wrong."

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.